United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30827
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANNA MALVEAUX

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:02-CR-20076-1
---------------------

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant Anna Malveaux challenges her guilty plea
conviction and the sentence she received for health care fraud
under 18 U.S.C. §§ 1347, 2.  First, she asserts that the district
court abused its discretion in not allowing her to withdraw her
guilty plea.  However, the district court applied the proper test
and made written factual findings on three of the relevant
factors.  Because the court's decision was not based on an error
of law or a clearly erroneous factual finding, we reject this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge to Malveaux's conviction.  See United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

Next, Malveaux asserts that the government breached its obligation under the plea agreement to refrain from opposing a reduction for acceptance of responsibility.  The government acknowledges its breach of the agreement.  However, it asserts that Malveaux released the prosecutor from the obligation when Malveaux violated the agreement first, by providing false testimony during the hearing on her motion to withdraw her plea.  We agree with the government.  The "failure of the defendant to fulfill his promise to cooperate and testify fully and honestly releases the government from the plea agreement," even when the defendant is required to maintain his guilty plea.  Hentz v. Hargett, 71 F.3d 1169, 1175-76 (5th Cir. 1996)(quotations and citations omitted).

Malveaux also asserts that her sentence should be vacated under United States v. Booker, 125 S. Ct. 738 (2005).  She objects that her sentence was increased based upon a finding of a specific loss amount by the district court and upon its finding that she had obstructed justice.  The first objection is meritless, as the loss amount found by the district court did not increase Malveaux's sentence above what she would have received otherwise based on her own admission.  Malveaux correctly asserts, however, that her rights under the Sixth Amendment were violated when the district court increased her sentence based on

its finding that she had obstructed justice.  We will reverse a sentence on appeal of a preserved <u>Booker</u> error unless it was harmless.  <u>United States v. Pineiro</u>, 410 F.3d 282, 285-86 (5th Cir. 2005).  "Based on the record before us, we cannot say that the mandatory nature of the Guidelines at the time of [Malveaux's] sentence did not contribute to the sentence that [s]he received."  <u>United States v. Akpan</u>, 407 F.3d 360, 377 (5th Cir. 2005).  Malveaux's sentence is thus VACATED and the case is REMANDED to the district court for resentencing in accordance with <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  Because we vacate and remand the entire sentence, we need not reach the other sentencing errors asserted in this appeal.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.